# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### MAY 1997 SESSION

FILED

June 6, 1997

Cecil W. Crowson
Appellate Court Clerk



| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No. 01C01-9607-CR-00291 |
| Appellee, | ) |
| | ) Sumner County |
| V. | ) |
| | ) Honorable Jane Wheatcraft, Judge |
| | ) |
| **MICHAEL WAYNE ROBEY,** | ) (Sentencing) |
| | ) |
| Appellant. | ) |

FOR THE APPELLANT:

David Allen Doyle
District Public Defender

Pamela E. Beck
Deputy Public Defender
117 East Main Street
Gallatin, TN 37066

FOR THE APPELLEE:

Charles W. Burson
Attorney General & Reporter

Karen M. Yacuzzo
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

Lawrence Ray Whitley
District Attorney General

C. Wayne Hyatt
Assistant District Attorney General
113 West Main Street
Gallatin, TN 37066

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

The appellant, Michael Wayne Robey, was indicted on two counts of aggravated burglary and two counts of theft. As part of a plea agreement, the two theft charges were dismissed; and he pled guilty to two counts of aggravated burglary. The appellant was classified as a Range II, multiple offender and the state recommended concurrent sentences of seven years at 35%.

After a sentencing hearing, the trial court accepted the state's recommendation and sentenced the appellant to seven years in the Department of Correction. He appeals challenging the manner of service of his sentence. Upon review, we affirm.

The appellant contends that the trial court abused its discretion in failing to grant him alternative sentencing. He contends that proof adduced at the sentencing hearing shows that he has drug and alcohol problems which can best be treated in a community-based alternative to incarceration.

Appellate review of a sentencing issue is <u>de novo</u>. Tenn. Code Ann. § 40-35-401(d) (1990). The appellant has the burden of establishing the sentence imposed by the trial court was erroneous. <u>State v. Ashby</u>, 823 S.W.2d 166, 169 (Tenn. 1991). In determining whether the appellant has carried this burden, this Court must consider: (a) the evidence adduced at trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing; (d) the arguments of counsel; (e) the nature and characteristics of the offense; and (f) the appellant's potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-103(5), -210(b) (1990).

The appellant argues that he is entitled to presumptive suitability for alternative sentencing because he committed a nonviolent offense carrying a sentence of less than eight years. We disagree. Tenn. Code Ann. § 40-35-102(6) provides this presumption only to those offenders classified as especially

mitigated or standard offenders.  The appellant can be considered for alternative sentencing; but he is not entitled to a presumption for alternative sentencing because he was classified as a Range II, multiple offender.

The trial judge considered several factors in sentencing the appellant to seven years incarceration.  She considered the appellant's extensive criminal history[1] and his admitted drug and alcohol problem.  Furthermore, she found the appellant to be insincere in his desire for treatment.  One of the counts of his probation revocation warrant was his failure to report to ordered counseling.  Finally, the trial judge stated that she felt the appellant was a threat to society.

We find that measures less restrictive than confinement have frequently and recently been applied unsuccessfully to the appellant.[2]  He has received repeated alternative sentences for past convictions.  Nothing in the record suggests that the trial judge made an erroneous decision.  The appellant has not carried his burden.  He has well earned his status as a guest of the Commissioner of the Department of Correction.

Appellant's sentence is affirmed.

_____
PAUL G. SUMMERS, Judge

---

[1]The record and the presentence report reveal that the appellant has been previously convicted 25 times for various offenses.  Four of these were felony convictions.  Also, it appears the appellant was arrested on several other occasions and the charges were dismissed.

[2]The appellant was on probation when he committed the two instant offenses.

CONCUR:


_____
DAVID G. HAYES, Judge


_____
JERRY L. SMITH, Judge